IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

```
LEE PORTER,                    )
                               )
Petitioner,                    )
                               )
vs.                            )   CAUSE NO. 3:09-CV-110
                               )
SUPERINTENDENT,                )
                               )
Respondent.                    )
```

## OPINION AND ORDER

Lee Porter, a *pro se* prisoner, filed a second habeas corpus petition on March 18, 2009, attempting to challenge his 55 day loss of good time, segregation, and demotion to credit class III on July 28, 2006 by the Westville Correctional Facility Disciplinary Hearing Board (DHB). For the reasons set forth below, this case is **DISMISSED** for want of jurisdiction.

## BACKGROUND

In *Porter v. Wilson*, 3:07-CV-126 (N.D. Ind. filed May 23, 2007), Lee Porter challenged the same prison disciplinary hearing that he is challenging in this petition. Habeas corpus was denied in that case and final judgment was entered on May 25, 2007.

## DISCUSSION

This court lacks jurisdiction to hear this second habeas corpus petition. Regardless of whether Porter's claims are new or

whether they were presented in his previous petition, this petition must be dismissed.  "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).  Therefore, any claims previously presented must be dismissed.

Additionally, for any claim not previously presented,

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3).  Here, Porter has not obtained an order from the court of appeals permitting him to proceed with any previously unpresented claims.  "A district court <u>must</u> dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing."  *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original).  Therefore, any previously unpresented claims must also be dismissed.

<u>CONCLUSION</u>

For the reasons set forth above, this case is **DISMISSED** for want of jurisdiction.

**DATED: March 25, 2009**                     /s/RUDY LOZANO, Judge
                                              **United States District Court**